UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DAWNA D.,[1]

          Plaintiff,

   v.

COMMISSIONER, Social Security
Administration,

          Defendant.

_____

Case No. 3:23-cv-00127-MK

**OPINION
AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

      Plaintiff Dawna D. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying her application for disability

insurance benefits ("DIB") under the Social Security Act (the "Act"). This Court has jurisdiction

to review the Commissioner's decision under 42 U.S.C. § 405(g). All parties have consented to

allow a Magistrate Judge to enter final orders and judgment in accordance with Federal Rule of

Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 2. For the reasons below, the

Commissioner's final decision is AFFIRMED.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-
government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for SSI in June 2016, alleging a disability onset date of April 23, 2011. Tr. 368.[2] Her application was denied initially and upon reconsideration. 368–376, 228–30. On May 4, 2017, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 231.Within this same timeframe, Plaintiff filed an initial application for DIB, which was initially denied on July 12, 2016. Tr. 481. Plaintiff asserts that for unknown reasons, her request for reconsideration on her DIB claim was never processed, and her attorney requested that ALJ Thomasson consider both the SSI and DIB claims at the scheduled hearing, even though a decision on Plaintiff's DIB reconsideration request had not been made. Tr. 481.

A hearing for only Plaintiff's SSI claim was held in July 2018. Tr. 40. On October 24, 2018, the ALJ issued a decision stating that she was not considering the DIB claim as part of Plaintiff's hearing because it was not "properly before" her, since no decision had been made on the request for reconsideration of the DIB claim. Tr. 195. Regarding Plaintiff's SSI claim, the ALJ found Plaintiff not disabled under the Act. *Id.* Plaintiff then filed a timely appeal of this decision with the Appeals Council Tr. 286–88.

The Appeals Council remanded Plaintiff's claims back to ALJ Thomasson for another hearing. Tr. 213. The Appeals Council stated that the ALJ erred in not considering Plaintiff's DIB claim at the same time as her SSI claim in the previous 2018 hearing. Tr. 215. A new hearing considering both claims was held in July 2021. Tr. 57. At this hearing, Plaintiff amended her alleged onset date to March 24, 2016, and requested a "closed period" ending on June 30, 2019. *Id.*

---

[2] "Tr." citations are to the Administrative Record. ECF No. 8.

On August 27, 2021, ALJ Thomasson issued another unfavorable decision finding

Plaintiff not disabled at any time from March 24, 2016, through the date of the decision. Tr. 54.

Plaintiff then filed a timely appeal of this decision with the Appeals Council. Tr. 347–48. The

Appeals Council issued a Notice of Appeals Council Action indicating that there was a

procedural error in ALJ Thomasson's 2021 decision. Tr. 350. Specifically, the Appeals Council

stated that the decision did not fully "capture" the "Period of Disability and Disability Insurance

Benefits," even though the hearing decision considered the Period along with the claim for SSI.

Tr. 350. The Appeals Council Action then adopted each of the ALJ's findings in the 2021

decision. Tr. 349–63.  The Appeals Council issued a decision adopting the ALJ's findings, and

found Plaintiff was not disabled from March 24, 2016. Tr. 1–18. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 56 years old on her alleged onset date. Tr. 14. Plaintiff completed high

school and has past relevant work experience as home attendant and customer complaint clerk.

*Id.* Plaintiff alleged disability based on several physical and mental impairments, including post-

traumatic stress disorder ("PTSD"), diabetes, anxiety, sleep apnea, and gastroesophageal reflux

disease ("GERD"). Tr. 166.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal

standards and the findings are supported by substantial evidence in the record. *Hammock v.

Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It

means such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court

must weigh "both the evidence that supports and detracts from the [Commissioner's]

conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests on the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must prove an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of no less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that

the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*;

20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is presumed disabled; if not, the

analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to

determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related

activities that the claimant may still perform on a regular and continuing basis, despite any

limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e),

416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can

perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If

the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden

shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must

establish that the claimant can perform other work that exists in significant numbers in the

national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner

meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the Appeals Council adopted the ALJ's finding that Plaintiff met the insured

requirements of the Act and had not engaged in substantial gainful activity since her alleged

onset date. Tr. 6. At step two, Appeals Council adopted the ALJ's finding that Plaintiff had the

following severe impairments: depression, PTSD, anxiety, right wrist disorder, obesity, diabetes

mellitus, neuropathy, left knee disorder, and obstructive sleep apnea. *Id.* At step three, the

Appeals Council adopted the finding that that Plaintiff did not have an impairment or

combination thereof that met or medically equaled the severity of a listed impairment. Tr. 7. The

Appeals Councils adopted that ALJ's finding that Plaintiff has the RFC to perform medium work with the following limitations:

> Plaintiff can frequently climb ladders, ropes, and scaffolds; she can frequently climb ramps and stairs; she can frequently kneel, crouch, and crawl; she can frequently handle, finger, and feel bilaterally; she can do occasional overhead reaching; she is limited to jobs with a reasoning level of 2; she is limited to performing simple, routing, and repetitive tasks and simple, work-related decisions; and she can have occasional interaction with supervisors, co-workers, and the public.

Tr. 9. At step four, the Appeals Council adopted the ALJ's finding that Plaintiff could not perform any past relevant work. Tr. 14. At step five, the Appeal's Council adopted the ALJ's finding that given Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy such that Plaintiff could sustain employment despite her impairments. Tr. 14. The Appeals Council thus found Plaintiff was not disabled under the Act. Tr. 16.

## DISCUSSION

Plaintiff asserts remand is warranted because the ALJ, whose findings were adopted by the Appeals Council, erred in two ways: (1) improperly rejecting Plaintiff's subjective symptom testimony; and (2) failing to include all of Plaintiff's limitations in her RFC.

## I.    Subjective Symptom Testimony

As noted, Plaintiff first challenges the ALJ's assessment of her subjective symptom testimony. Pl.'s Br. 10-16, ECF No. 15.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so."

Page 6 — OPINION AND ORDER

*Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion [that] the claimant is not credible is insufficient; instead, the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding on the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16-3p, *available at* 2016 WL 1119029, at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

At the administrative hearing, Plaintiff testified that her edema was worsening in her lower extremities and that the pain in her hands has increased. Tr. 90–93. Regarding her edema, Plaintiff testified that the swelling and tingling in her feet had worsened since the previous administrative hearing in 2018. *Id.* Plaintiff explained that the swelling in her feet used to occur

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p.

closer to the end of the day, but more recently has started to occur as early as an hour after waking. *Id.* Plaintiff also stated that the pain from her neuropathy has worsened to the point that she now needs to take gabapentin to keep her pain under control. *Id.* Plaintiff testified that her doctor instructed her to elevate her feet regularly. Tr. 95.

The ALJ rejected Plaintiff's subjective symptom testimony on the grounds that, while Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements "concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 65. In making this finding, the ALJ discredited Plaintiff's subjective symptom testimony for the following reasons: (1) her work activity is inconsistent with her allegations that she is precluded from all work activity; (2) Plaintiff's impairments were not supported by objective medical evidence; and (3) her activities of daily living were inconsistent with her alleged symptoms. Tr. 65–68.

Plaintiff asserts that the ALJ simply ignored her testimony regarding her edema and leg swelling. Pl.'s Br. 11. Plaintiff is correct that there is no mention of edema or swelling of the lower extremities in the ALJ's decision. Plaintiff does not address how the ALJ discussed her ability to work and her activities of daily living when discrediting her testimony. The Commissioner asserts that because Plaintiff did not address the ALJ's analysis of her work activity and activities of daily living, she has thus waived these issues and that the Court can affirm the ALJ's evaluation of her testimony on this basis alone. Def.'s Br. 5 citing *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (stating a reviewing court ordinarily will not consider issues that a claimant fails to raise "with any specificity" in the opening brief).

The ALJ adequately discounted Plaintiff's subjective symptom testimony based on her work history. The ALJ discussed how Plaintiff demonstrated "very active involvement in a job training program from March 2016 to February 2018" where she worked approximately twenty hours per week. Tr. 474. The ALJ also cited to vocational rehabilitation records from March 2018 where Plaintiff was requesting to work thirty hours per week despite her impairments. *Id.* The Ninth Circuit has explicitly held that ALJs may consider "any work activity, including part-time work," when determining whether a claimant is disabled." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Accordingly, the ALJ's rejection of plaintiff's testimony that she was precluded from all work activity as inconsistent with her work history as a part time medical transcriptionist was supported by substantial evidence.

Although the ALJ did not specifically mention edema, the ALJ provided at least one valid reason for discrediting plaintiff's symptom testimony and encompassed the entirety of plaintiff's testimony in her analysis. Therefore, not specifically mentioning her edema is harmless error. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1623 (9th Cir. 2008) (finding that the ALJ's reliance on invalid reasons was harmless error because the ALJ provided other valid reasons that support the ALJ's credibility determination).

## II.    RFC

The RFC is the most a person can do in light of her physical or mental impairments. 20 C.F.R. §§ 404.1545, 416.945. In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence." *Id.*; SSR 96-8p, *available at* 1996 WL 374184. An ALJ may rely on the testimony of a vocational expert ("VE") to determine whether a claimant retains the ability to perform past relevant work at step four, or other work in the national or regional

economy at step five. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). The ALJ is

required to include only those limitations that are supported by substantial evidence in the

hypothetical posed to a VE. *See id.* at 1163–65. In other words, limitations supported by

substantial evidence must be incorporated into the RFC and, by extension, the dispositive

hypothetical question posed to the VE. *Osenbrock*, 240 F.3d at 1163–65.

      An ALJ has the responsibility to determine a claimant's RFC. 20 C.F.R. §

416.946(c). The RFC is used at step four of the sequential analysis to determine if a claimant is

able to perform past relevant work, and at step five to determine if a claimant can adjust to other

work that exists in significant numbers in the national economy. 20 C.F.R. § 416.920(a).

      Limitations supported by substantial evidence must be incorporated into the RFC and, by

extension, the dispositive hypothetical question posed to the vocational expert

("VE"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1163–65 (9th Cir. 2001). The Court should uphold

step four and five determinations "if the ALJ applied the proper legal standard and his decision is

supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

      In this case, Plaintiff argues that the ALJ failed to include mental limitations regarding

pace of work when formulating Plaintiff's RFC. Pl.s Br. 11. State Agency Psychological

Consultant Bill Hennings, Ph.D, opined in a mental RFC assessment that plaintiff "retained the

residual capacities to complete basic and occasional detailed tasks at an ade[quate] steady

pace[.]" Tr. 173. After reviewing Plaintiff's reconsideration application, State Agency

Psychological Consultant Clair McGinness, Ph.D, also opined that Plaintiff was "[capable of

basic and familiar detailed tasks at a steady pace for a regular workday/workweek[.]" Tr. 188.

Plaintiff asserts that because the RFC and hypothetical questions posed to the VE did not include

any limitation related to a "steady pace" of work, therefore the conclusion that plaintiff could

perform the types of jobs provided by the VE, are supported by substantial evidence.

Plaintiff's argument is misguided, because the ALJ assessed a more restrictive mental

RFC than the Dr. Hennings and Dr. McGinness. The ALJ limited Plaintiff to performing simple,

routine, and repetitive tasks, with simple work-related decisions. Tr. 64. The state agency

psychological consultants stated Plaintiff has the ability to perform basic tasks at an adequate

steady pace. The ALJ reasonably analyzed and credited the opinion of the state agency

psychological consultants, and reasonably accounted for plaintiff's impairments by limiting her

to simple, routine repetitive tasks, with simple decision making.

## CONCLUSION

For the reasons above, the Commissioner's decision was not based on  substantial

evidence. Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 21st day of March 2024.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States Magistrate Judge